IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § § § | |
| VS. | § § | Criminal No. 3:16-CR-153-D(6) |
| TOBIN LEACH, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Treating defendant Tobin Leach's ("Leach's") June 21, 2020 letter to the court as a motion to appoint counsel, the court denies the motion because Leach is not entitled to relief under § 403 of the First Step Act of 2018, and, alternatively, because he has not provided any grounds that persuade the court to exercise its discretion to appoint counsel.

Leach pleaded guilty to conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(c) (count one), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count two). The court imposed Leach's sentence on October 20, 2017. Leach received a 188-month term for count one and a 60-month term for count two. The court ordered the two sentences to run consecutively, except as to the terms of supervised release, which are to run concurrently.

The court construes Leach's June 21, 2020 letter to the court as a motion to appoint counsel to assist with pursuing a claim under § 403 of the First Step Act of 2018. The First Step Act

> was signed into law on December 21, 2018, "introducing a number of criminal justice reforms." Among those reforms, § 403 of the Act amended 18 U.S.C. § 924(c)(1)(C)(i), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to reduce the severity of "stacked" charges. Before the Act, the 25-year minimum was triggered by any "second or subsequent conviction under this subsection." Now, it is triggered only by a repeat "violation . . . that occurs after a prior conviction under this subsection has become final." In other words, the 25-year repeat-offender minimum no longer applies where a defendant is charged simultaneously with multiple § 924(c)(1) offenses. Now, to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution.

*United States v. Gomez*, 960 F.3d 173, 176-77 (5th Cir. 2020) (footnotes omitted).

Section 403 of the First Step Act does not provide Leach any relief for a least two reasons: First, Leach has failed to demonstrate that he sustained "stacked" § 924(c) charges. *See id.* at 176. Second, the First Step Act "itself plainly states that § 403 is not retroactive: It applies to an offense committed before its December 21, 2018 effective date only 'if a sentence for the offense ha[d] not been imposed as of such date.'" *Id.* at 177 (footnote omitted); *see also United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 2324 n.1 (2019) ("In 2018, Congress changed the law so that, *going forward*, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . .has become final' will trigger the 25-year minimum." (citation omitted; emphasis added)); *United States v. Ross*, 2020 WL 3977113, at *3 (N.D. Tex. July 14, 2020) (Boyle, J.) ("Because the First Step Act was enacted in 2018, and Ross was sentenced in 2010, § 403 does not affect his sentence." (internal citation omitted)).

Alternatively, a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id.* at 1011. Because Leach has

failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies the motion on this alternative basis.

\* \* \*

Accordingly, for the reasons explained, treating Leach's June 21, 2020 letter to the court as a motion to appoint counsel, the court denies the motion.

**SO ORDERED**.

August 31, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE